**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF HAWAII**

| | |
|---|---|
| In re<br><br>AE'O, LLC,<br><br>      Debtor. | Case No. 08-00851<br>Chapter 11 |
| ARNOLD BECKENHAUER, et al.,<br><br>      Plaintiffs,<br><br> vs.<br><br>AE'O, LLC, et al.,<br><br>      Defendants. | Adv. Pro. No. 08-90039<br><br><br><br>Re: Docket No. 41, 44 |

**AMENDED MEMORANDUM OF DECISION
ON MOTIONS FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This case centers around a large plot of land (the "Dillingham Land") originally owned by the Dillingham Investment Corporation ("Dillingham") located in North Kona in the County and State of Hawaii. Dillingham sold to the plaintiffs subdivided lots along the eastern side of the Dillingham Land. Dillingham later sold the remainder of the land to defendant Sherman Trust. The Sherman Trust later sold the land to debtor Ae'o, LLC ("Ae'o"). The plaintiffs claim an easement by prescription over a dirt road (the "Bulldozed Road") built by the plaintiffs that runs in a northwest direction from plaintiffs Patricia Van Asperen

and Virginia Small's land across Ae'o's land to a public road. The plaintiffs also claim the right to use a road or trail (known as the Holualoa Hui Road) that runs east to west from the edge of Ms. Van Asperen's and Ms. Small's lots and across Ae'o's land. A map depicting the Bulldozed Road and Holualoa Hui Road is attached as "Exhibit A".

On February 4, 2009, Ms. Van Asperen and Ms. Small, but not the other plaintiffs, filed a motion for summary judgment (docket no. 41). On February 6, 2009, Ae'o filed its own motion for summary judgment against all plaintiffs (docket no. 44). The court held a hearing on March 6, 2009. The motions present three issues for decision:

1. Whether the plaintiffs have an easement by prescription over the Bulldozed Road;

2. Whether the Holualoa Hui Road is a "public highway" or "public trail" pursuant to Haw. Rev. Stat. §264-1; and

3. Whether the defendants are liable to the plaintiffs for property damage on or around the Bulldozed Road.

## II. FACTS

The following facts are not subject to genuine dispute unless indicated:

In 1977, Dillingham owned the Dillingham Land, a large plot of real property. In or around 1977, Dillingham conveyed subdivided portions of the property to Ms. Van Asperen and Ms. Small. The remaining plaintiffs received title to other subdivided portions of the property after 1980.

2

A small road (depicted on Exhibit "A") connects each of the plaintiffs' lots to a public road east of the property. (Therefore, even if the plaintiffs have no access to the Bulldozed Road or to Holualoa Hui Road, their lots are not landlocked.)

Ms. Van Asperen and Ms. Small claim that when they bought their lots in 1977, Dillingham represented that it would eventually grant the plaintiffs an easement running north over the portion of land still owned by Dillingham. The defendants do not admit nor deny this claim. Everyone agrees, however, that neither Dillingham nor anyone else ever granted an easement to any of the plaintiffs.

Dillingham later conveyed its remaining portion of the Dillingham Land to the Sherman Trust. The Sherman Trust conveyed the property to the debtor and current owner, Ae'o.

In or around 1977, Ms. Van Asperen and Ms. Small hired a bulldozer and created the Bulldozed Road, a dirt road for ingress and egress. The Bulldozed Road runs across Ae'o's land in a generally north-south direction from the edge of Ms. Van Asperen and Ms. Small's land to a public street.

In or around 2004, the defendants obstructed the use of the Bulldozed Road. The plaintiffs claim property damage as a result of the demolition of a rock wall and possibly other property damage. There is no evidence concerning the location of the property damage nor is there any evidence of what exactly, besides an unspecified rock wall, was damaged or the dollar value of the damage. The

U.S. Bankruptcy Court - Hawaii   #08-90039   Dkt # 74   Filed 03/24/09   Page 3 of 12

defendants deny liability due to property damage on any property owned by the plaintiffs.

The plaintiffs claim that a road, called the Holualoa Hui Road, runs east-west across Ae'o's land. The plaintiffs claim that Holualoa Hui Road connects, at its eastern end, with the undisputed road that gives their parcels access to a highway east of the property. The plaintiffs do not clearly describe the western end of the Holualoa Hui Road: some evidence suggests that it runs (or at one time ran) to the shoreline, several miles away; other evidence suggests that it ends at an old railway bed or road not far from the western boundary of Ae'o's property. The defendants deny that the Holualoa Hui Road exists, let alone that it is a public road or trail.

**III. STANDARD**

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When a motion for summary judgment is properly made and supported, the opposing party must set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). If the opposing party does not so respond, summary judgment should, if appropriate, be entered against the party. Id. In ruling on a motion for summary judgment, "the judge must view the evidence presented through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Id. at 249-50.

U.S. Bankruptcy Court - Hawaii    #08-90039    Dkt # 74    Filed 03/24/09    Page 4 of 12

## IV. DISCUSSION

### A. <u>The plaintiffs have not proven the elements necessary to establish an easement by prescription.</u>

The plaintiffs' claim to a prescriptive easement over the Bulldozed Road (or over any other parts of Ae'o's land) fails for three independently sufficient reasons.[1]

#### 1. The plaintiffs admit that there never was a grant of an easement.

Under Hawaii law, adverse possession (or its correlate, prescription) does not convey rights on mere squatters. An easement by prescription is created by "use and occupation for the period prescribed by law adverse to the true owner of the fee." <u>Lalakea v. Hawaiian Irrigation Co.</u>, 36 Haw. 692, 706-77 (1944). "Such use and occupation give rise to the presumption that a grant existed, since lost or destroyed by time or accident." <u>Id</u>.

The plaintiffs admit that no grant ever existed. This negates the presumption upon which prescriptive rights are founded. The plaintiffs therefore cannot establish any prescriptive rights.

#### 2. Only one of the Plaintiffs has offered evidence of use of the alleged easement for the requisite time.

The elements necessary to establish an easement by prescription are the

---

[1] The defendants argue that Haw. Rev. Stat. § 657-31.5 bars the plaintiffs' claims. That section provides that an adverse possession claim "can only be made if the real property which is the subject of the action is five acres or less." Ae'o contends that the plaintiffs may not claim an easement by prescription because the Dillingham Land is greater than five acres. However, the statute makes it clear that only the area subject to the adverse possession action must be five acres or less. There is no evidence that the area of the Bulldozed Road is greater than five acres.

5

U.S. Bankruptcy Court - Hawaii   #08-90039   Dkt # 74   Filed 03/24/09   Page 5 of 12

same as the elements used to prove acquisition of title by adverse possession. Tagami v. Meyer, 41 Haw. 484, 487 (1956). The plaintiffs have the burden of proving, by "clear and positive proof each element of actual, open, notorious, hostile, continuous and exclusive possession for the statutory period" of 20 years. Lai v. Kakahiko, 58 Haw. 362, 368-69, 569 P.2d 352, 357 (1977). The plaintiffs must establish every element to prevail.

All of the plaintiffs, with the exception of Ms. Van Asperen, admit that they do not use the Bulldozed Road or have not used it continuously over the statutory 20-year time period. Therefore, none of the plaintiffs, with the exception of Ms. Van Asperen, have established an easement by prescription.

### 3. The plaintiffs have not acted in good faith (as defined).

Hawaii law requires that a person claiming title by adverse possession act in good faith. Haw. Rev. Stat. §669-1. "Good faith means that, under all the facts and circumstances, a reasonable person would believe that the person has an interest in title to the lands in question <u>and such belief is based on inheritance, a written instrument of conveyance, or the judgment of a court of competent jurisdiction</u>." Id. (emphasis added)

The plaintiffs have failed to prove good faith under this definition. The plaintiffs' belief in their easement rights is not based on inheritance, a written instrument of conveyance, or a judgment of a court of competent jurisdiction. Ms. Van Asperen and Ms. Small claim that Dillingham promised them that some day they would receive an easement. This promise does not satisfy the definition of

6

"good faith."

### C. Holualoa Hui Road is not public.

The plaintiffs claim that Hulualoa Hui Road is a public road or trail under Hawaii Revised Statutes § 264-1. That statute states that there are three different ways in which a road or trail can become public.

First, section 264-1(a) defines a "public highway" as:

> All roads, alleys, streets, ways, lanes, bikeways, bridges and all other real property highway related interests in the State, opened, laid out, subdivided, consolidated, and <u>acquired and built by the government</u> are declared to be public highways.

(Emphasis added). There is no evidence that Holualoa Hui Road was ever "acquired" or "built" by the government. Therefore, Holualoa Hui Road is not a "public highway" under section 264-1(a).

Second, a road can become a "public highway" through surrender or dedication. Section 264-1(c) states:

> All roads, alleys, streets, ways, lanes, trails, bikeways, and bridges in the State, opened, laid out, or built by private parties and dedicated or surrendered to the public use, are declared to be public highways or public trails as follows:
>
> > (1) Dedication of public highways or trails shall be by deed of conveyance naming the State as grantee in the case of a state highway or trail and naming the county as grantee in the case of a county highway or trail. The deed of conveyance shall be delivered to and accepted by the director of transportation in the case of a state highway or the board of land and natural resources in the case of a state trail. In the case of a county highway or county trail, the deed shall be delivered to and accepted by

7

> > the legislative body of a county.
>
> > (2) Surrender of public highways or trails shall be deemed to have taken place if no act of ownership by the owner of the road, alley, street, bikeway, way, lane, trail, or bridge has been exercised for five years and when, in the case of a county highway, in addition thereto, the legislative body of the county has, thereafter, by a resolution, adopted the same as a county highway or trail.

The plaintiffs have offered no evidence that the Holualoa Hui Road was dedicated or surrendered to the state or county or that the state or county accepted it. Therefore, the Holualoa Hui Road did not become a "public highway" under section 264-1(c).

Third, §264-1(b) defines a "public trail" as:

> All trails, and other nonvehicular rights-of-way in the State declared to be public rights-of-ways by the highways act of 1892, or opened, laid out, or built by the government or otherwise created or vested as nonvehicular public rights-of-way at any time thereafter; or in the future, are declared to be public trails.

The highways act of 1892 declared that all roads existing when the act passed were "public highways" belonging to the government, without any requirement of government acceptance. In re Kelley, 50 Hawaii 567, 579, 445 P.2d 538, 546 (1968). A road that did not exist when the highways act of 1892 was passed must be dedicated to the state or county and received in order to qualify as a "public highway." Maui Ranch Estates Owners Ass'n v. County of Maui, 6 Haw. App. 414, 420, 724 P.2d 118, 123 (1986). The question thus becomes whether Holualoa Hui Road existed in 1892.

8

Prior to the day of the hearing, the only evidence offered by the plaintiffs on this point was a map, dated 1914, that depicts a trail or road apparently in the same location as Holualoa Hui Road. But the 1914 map does not prove that the road existed in 1892 and was subject to the highways act of 1892.[2]

On March 6, 2009, less than an hour before the hearing on these motions for summary judgment, plaintiffs filed a motion to postpone the summary judgment hearing under rule 56(f), to extend the discovery cutoff, and to continue the trial, based on "newly discovered evidence" (docket no. 67). The newly discovered evidence consists of (1) a letter dated January 20, 2004 from the department of the attorney general ("AG"); (2) a letter dated November 24, 2003 from Na Ala Hele, which is the State of Hawaii Trail and Access Program administered by the Division of Forestry and Wildlife - Department of Land and Natural Resources ("DLNR"); and (3) a letter dated March 4, 2009 from a local resident.

This filing is grossly untimely under LR 7.4. The defendants had no opportunity to prepare an adequate response. There is no excuse for this late filing. Although plaintiffs' counsel claims that he just received the documents, he fails to explain why plaintiffs did not find them sooner. The dispute about the easement and the road dates back almost thirty years. This litigation has been pending almost two years. The two letters, which the plaintiffs say they just discovered, are more than five years old. The plaintiffs do not explain why they failed to find

---

[2]One or more of the plaintiffs offered deposition testimony that their research indicated that the road was used as long ago as the 1400's. No foundation was laid to make this testimony admissible.

9

U.S. Bankruptcy Court - Hawaii   #08-90039   Dkt # 74   Filed  03/24/09   Page 9 of 12

them long ago. The plaintiffs have known for many months that kama'aina testimony about the historic use of the road might be important to their case but they failed to offer any such evidence until the last possible moment. Because the plaintiffs were not diligent in seeking out the "newly discovered evidence," I will deny the motion for continuances and strike the supporting exhibits.

Even if the declaration and exhibits were not stricken, the plaintiffs would not prevail. The kama'aina witness' letter is not sworn and is therefore inadmissible. It is unclear that the trails mentioned in the kama'aina witness' letter are the same as the Holualoa Hui Road. (At the hearing on the motion, the plaintiffs' counsel stated that at least parts of the trails described by the kama'aina witness were not the same as Holualoa Hui Road.) The letters authored by the AG and DLNR are also unsworn, unauthenticated, and inadmissible. Finally, both letters candidly state that there is considerable doubt about the ownership and status of Holualoa Hui Road.

### D. There Is No Evidence Of Property Damage To Any Plaintiffs' Real Property.

The plaintiffs assert a claim for property damage caused by defendant Ae'o's destruction of the Bulldozed Road. The plaintiffs do not have an easement by prescription or other property interest in any of defendant Ae'o's real property. Plaintiffs have not brought forth claims or evidence of damage to any individual plaintiff's real or personal property. The plaintiffs may not recover on their claim for property damage.

U.S. Bankruptcy Court - Hawaii    #08-90039    Dkt # 74    Filed  03/24/09    Page 10 of 12

## V. CONCLUSION

Based on the above, summary judgment is granted for the defendants and against all plaintiffs on all counts. Counsel for Ae'o shall submit a proposed final judgment.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 03/24/2009

# "EXHIBIT A"



\* Holualoa Hui Road

\*\* Bulldozed Road