# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>AE'O, LLC,<br><br>      Debtor. | Case No. 08-00851<br>Chapter 11 |
| ARNOLD BECKENHAUER, et al.,<br><br>      Plaintiffs,<br><br>  vs.<br><br>AE'O, LLC, et al.,<br><br>      Defendants. | Adv. Pro. No. 08-90039<br><br><br><br><br>Re: Docket No. 76 |

**MEMORANDUM OF DECISION
ON MOTION FOR RECONSIDERATION**

**I.    INTRODUCTION**

In a decision filed on March 24, 2009 (docket no. 74), I granted a motion for summary judgment filed by the defendants (docket no. 44) and denied a motion for partial summary judgment filed by two of the plaintiffs (docket no. 41). All of the plaintiffs seek reconsideration of this decision (docket no. 76). For the following reasons, I will deny the motion for reconsideration.

The plaintiffs own land adjacent to or near a larger parcel of land now owned by defendant Ae'o, LLC ("Ae'o"). The plaintiffs contend that they are entitled to use two distinct access routes across Ae'o's land. The first route is a

dirt road (the "Bulldozed Road") built by some of the plaintiffs that runs in a northwest direction from plaintiffs Patricia Van Asperen and Virginia Small's lots across Ae'o's land to a public road. The plaintiffs' claim to the "Bulldozed Road" rests on a theory of prescription. The second access route is a road or trail (known as the Holualoa Hui Road) that runs east to west from the edge of Ms. Van Asperen's or Ms. Small's lots and across Ae'o's land. The plaintiffs have advanced various legal theories to support their claims concerning Holualoa Hui Road.

In my prior decision, I ruled that the plaintiffs had failed to establish all of the elements of an easement by prescription and had failed to prove that Holualoa Hui Road is a public road or trail. The plaintiffs challenge these decisions on various grounds.[1]

## II. STANDARD

> It is well settled in the Ninth Circuit that a successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate some reason why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear and manifest error in law or fact, to prevent manifest injustice.

Na Mamo O'Aha'ino v. Galiher, 60 F.Supp. 2d 1058, 1059 (D.Haw. 1999).

---

[1] I also ruled that the plaintiffs had not sustained their claim for property damage. The motion for reconsideration does not contest this decision.

2

Reconsideration may not be "used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters. V. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

**III. DISCUSSION**

    **A.    The Plaintiffs Have Not Proven the Elements Necessary to Establish an Easement by Prescription.**

I ruled that the plaintiffs had failed to establish three elements of a prescriptive easement over the Bulldozed Road (or over any other parts of Ae'o's land). The plaintiffs challenge each of these decisions.

        *1.    The plaintiffs' own statements negate the presumption of a lost grant of an easement.*

The plaintiffs contend that a prior owner of Ae'o's land promised to grant them an access easement but did not carry out that promise. Therefore, some of the plaintiffs took matters into their own hands and built the Bulldozed Road across the land now owned by Ae'o. The question is whether the plaintiffs can use prescription to legitimize their use of the Bulldozed Road.

I ruled that, under Hawaii law, prescription rests upon "the presumption that a grant existed, since lost or destroyed by time or accident." Lalakea v. Hawaiian Irrigation Co., 36 Haw. 692, 706-77 (1944).[2] Because the plaintiffs admit that no one ever granted them an easement, I held that the presumption was negated.

---

[2]The plaintiffs suggest that Lalakea is no longer good law, but a concurring justice of the Hawaii Supreme Court quoted this language with approval in 2002. AOAO Wailea Elua v. Wailea Resort Co., 100 Haw. 97, 122, 58 P.3d 608, 633 (2002).

3

The plaintiffs say that this was wrong because, under Hawaii law, "color of title" is only one factor, not an indispensable requirement, to establish prescriptive rights.

It is true that a person lacking paper title can sometimes establish rights by prescription or adverse possession. Lai v. Kukahiko, 58 Haw. 362, 368, 569 P.2d 352, 356-57 (1997).[3] It is also true, however, that the claimant must establish that he or she has "a claim of ownership." Id. In other words, an adverse possessor can prevail without necessarily proving the existence of a grant, but the adverse possessor who admits that he or she has no claim of ownership, and that therefore he or she is only a squatter, cannot prevail.

In this case, the plaintiffs concede that no one ever gave them easement rights. They are attempting to use prescription as a substitute for specific performance of the alleged promise to grant an easement. Hawaii law does not permit this.

### 2. The doctrine of "tacking" does not help the plaintiffs.

I ruled that all of the plaintiffs, with the exception of Ms. Van Asperen, admit that they do not use the Bulldozed Road or have not used it continuously over the statutory 20-year time period. The plaintiffs argue that this holding was wrong because, under the doctrine of tacking, they get the benefit of the period during which their predecessors used the Bulldozed Road. This argument is

---

[3]Wailuku Agribusiness Co. v. Ah Sam, 114 Haw. 24, 155 P.3d 1125 (2007), and City and County of Honolulu v. Bennett, 57 Haw. 195, 552 P.2d 1380 (1976), cited by the plaintiffs, shed no light on this issue because they address the special situation of adverse possession against a possible cotenant.

4

U.S. Bankruptcy Court - Hawaii   #08-90039   Dkt # 85   Filed  05/11/09   Page 4 of 10

flawed because the plaintiffs have failed to offer any evidence that any prior owner of their respective lots used the Bulldozed Road at any time.[4] Thus, there is no evidence of use by a predecessor in title that could be tacked to the plaintiffs' use.

### 3. *The plaintiffs have not acted in good faith (as defined).*

I ruled that the plaintiffs had failed to establish "good faith" as defined by Haw. Rev. Stat. § 669-1. "Good faith means that, under all the facts and circumstances, a reasonable person would believe that the person has an interest in title to the lands in question <u>and such belief is based on inheritance, a written instrument of conveyance, or the judgment of a court of competent jurisdiction</u>." Id. (emphasis added). I held that, because the plaintiffs' belief in their alleged interest in the easement was based on an alleged oral promise to grant an easement, the plaintiffs did not establish that they acted in good faith.

The plaintiffs argue that this conclusion was wrong because their belief in their easement rights was based on the deeds of their lots and a written set of covenants, conditions and restrictions (CCRs).

The deeds are insufficient to establish good faith because the plaintiffs concede that the deeds said nothing about any easement rights. A deed conveying a piece of property cannot sustain a reasonable belief in an easement about which the deed says nothing.

The argument based on the CCRs fails because of an inexplicable gap in the plaintiffs' evidence. Ms. Van Asperen's declaration states that Dillingham

---

[4]Ms. Van Asperen's deposition testimony states that neighbors used the Bulldozed Road, but does not identify which neighbors or state the period of their use.

5

U.S. Bankruptcy Court - Hawaii   #08-90039   Dkt # 85   Filed  05/11/09   Page 5 of 10

Investment Corporation ("Dillingham"), from which she purchased her lot, and which at that time also owned the land now owned by Ae'o, "provided" her certain CCRs attached to her declaration (exhibit "PV-B," included in docket no. 20). This exhibit is incomplete; it is apparently an attachment to another document.[5] This omission makes the document incomprehensible. For example, the "Grantee" bound by the CCRs is not identified, and there is no description of the "above described property" encumbered by the CCRs. Most importantly, under paragraph 2 of the CCRs, the unidentified "Grantee" agreed that "a portion of his real property as specifically designated in a 'reserve area' in the Warranty Deed shall be held by Grantee as a reserve area for roadway and utilities purposes" and that the owners of certain identified lots (apparently including the lots of some, but not all, of the plaintiffs) had to right to place roadway improvements in the reserve area. This provision is indecipherable because the plaintiffs have failed to offer a copy of the "Warranty Deed" which supposedly identifies the reserve area.

The plaintiffs have the burden of proving all elements of prescription by clear and convincing evidence. In other words, the plaintiffs must provide clear and convincing proof that Exhibit PV-B would lead a reasonable person to believe that the plaintiffs are entitled to the easement that they claim. Because Exhibit PV-B is obviously incomplete and therefore cannot be understood, and because the

---

[5]The plaintiffs point out that the deed pursuant to which Ae'o acquired its land makes reference to CCRs contained in a document recorded in Book 13121, Page 362. Exhibit PV-B indicates that it was recorded in Book 13121 at page 380. The plaintiffs speculate that Exhibit PV-B was an attachment to another document that began at page 362. The plaintiffs could have cleared this up simply by obtaining and filing a copy of the document found at page 362. Their failure to do so is fatal to their case and inexplicable.

6

plaintiffs admit that Exhibit PV-B does not even mention, let alone create, the easement which they assert, I remain convinced that a reasonable trier of fact could not find that the plaintiffs have asserted their claim to the Bulldozed Road in "good faith" as defined.

    **B.    Holualoa Hui Road.**

I ruled that Holualoa Hui Road is not a public road or trail under Hawaii Revised Statutes § 264-1. In response to this ruling, the plaintiffs attempt to shift their ground and argue that they are actually co-owners of the road.

        *1.    The plaintiffs' failure to join the State and County of Hawaii does not justify reconsideration.*

The plaintiffs argue that the State (or the County) of Hawaii should have been made a party before I decided that Holualoa Hui Road is not a "public highway" or "public trail" under Haw. Rev. Stat. § 264-1. The plaintiffs relied on section 264-1 but chose not to name the state or the county as defendants. If not joining the government was an error, it was committed by the plaintiffs. In any event, as the plaintiffs correctly point out, the judgment in this case will not be binding on the state or the county because they are not parties. Therefore, no one is prejudiced by the absence of the state and the county.

        *2.    Plaintiffs' argument that Ae'o does not own Holualoa Hui Road comes too late.*

The plaintiffs argue that Holualoa Hui Road was excluded from the grant in favor of Ae'o's predecessor in interest and that therefore Ae'o does not own it. This argument fails for two reasons.

7

First, the plaintiffs raised this argument for the first time in their motion for reconsideration. Therefore, I will disregard it. LR 7.4.

Second, the plaintiffs' complaint does not seek a determination of ownership of Holualoa Hui Road. The complaint alleges that the plaintiffs are entitled to use Holualoa Hui Road; there is no allegation that Ae'o does not own the road. Further, there is no necessary logical relationship the plaintiffs' alleged right to use the road and Ae'o's alleged nonownership of the road. Even if Ae'o did not own the road, it would not necessarily follow that the plaintiffs were entitled to use it.

### *3. There is no admissible evidence that the 1914 partition action gave the plaintiffs any rights in Holualoa Hui Road.*

The Plaintiffs argue that they own shares in the road by virtue of a 1914 partition action. In support of this contention, they offer three pieces of evidence.

First, they offer their attorney's declaration stating that, in the partition action, hundreds of acres of land on the slopes of Hualalai Mountain were allocated among hundreds of people, that the plaintiffs are successors in interest of some of the "shareholders" who received allotments, and that "all the shareholders and their successors had equal rights in the hui[6] roads located on Hualalai, including Holualoa Hui Road." Docket No.49. These statements are inadmissible hearsay. The plaintiffs' failure to offer admissible evidence of the court's determinations in the 1914 partition, such as orders and judgments of the court, is puzzling and inexcusable.

---

[6]In this context, a "hui" is a group or association of people, as in co-owners of property.

8

Second, they offer a map of the 1914 partition, showing the partitioned lots, the number of shares allocated to each, and what purports to be Holualoa Hui Road. The map does not say anything, however, about the nature of any particular person's rights (if any) in Holualoa Hui Road.[7]

Third, they offer a deed executed by the commissioner in the partition action in favor of one of the shareholders. On its face, this deed does not mention, let along specifically convey, any rights in any roads.

Thus, there is no admissible evidence establishing that the plaintiffs have rights in Holualoa Hui Road by virtue of the 1914 partition.

### C.    There Are No "Material Factual Mistakes" in the Decision.

The plaintiffs argue that the decision includes several material errors of fact. The plaintiffs are reading things into the decision that are not there.

The plaintiffs complain the decision "suggests" or "implies" that the lots now owned by the plaintiffs were the result of a subdivision initiated by Dillingham, rather that the 1914 partition. The decision does not say that Dillingham subdivided the land; any suggestion or implication to the contrary is a product of the plaintiffs' imagination. (Further, my reasoning would be the same regardless of how or by whom the land was divided.)

The plaintiffs contend that the decision incorrectly describes Holualoa Hui

---

[7]The plaintiffs also argue that the 1914 map is sufficient circumstantial evidence to support a verdict that Holualoa Hui Road existed in 1892. I adhere to my prior ruling that the fact that a road is shown on a map drawn in 1914 is not sufficient evidence to support a finding that the road existed 22 years earlier, in 1892. The plaintiffs have offered no other evidence that the road existed in 1892.

9

Road.  The description in the decision was given in order to help the reader visualize the situation on the ground.  I labeled the various existing and claimed roads and trails solely for that purpose.

IV.  CONCLUSION

The motion for reconsideration is denied.  Counsel for Ae'o shall submit a proposed final judgment.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: **05/11/2009**